Nicholas A. Kampars, OSB No. 063870
nick.kampars@wildwoodlaw.com
WILDWOOD LAW GROUP LLC
3519 NE 15th Avenue, #362
Portland, Oregon 97212
Telephone: (503) 564-3049

*Of Attorneys for Defendants West Linn Paper Company and Belgravia Pulp Holdings, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA RIVER CARBONATES,** a Washington Corporation,<br><br>Plaintiff,<br>v.<br><br>**WEST LINN PAPER COMPANY,** an Oregon corporation; and **BELGRAVIA PULP HOLDINGS, INC.**, a Delaware Corporation; and **DOE DEFENDANTS**,<br><br>Defendants. | Case No. 3:23-cv-00266-SB<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel below, Defendants West Linn Paper Company ("West Linn") and Belgravia Pulp Holdings, Inc. ("Belgravia"), collectively Defendants, in answer to Plaintiff Columbia River Carbonates' Complaint, hereby admit, deny and allege as follows:

1. In response to the allegations contained in paragraph 1, Defendants admit that West Linn had a business relationship with Plaintiff in 2017 and that in October 2017, West Linn

wound up its business operations. Defendants further admit that at the time West Linn wound up its operations, West Linn had not paid certain invoices issued by Plaintiff to West Linn. Defendants deny the remaining allegations contained in paragraph 1.

2.  In response to the allegations contained in paragraph 2, Defendants admit that West Linn and Plaintiff entered into a confidential settlement related to defective product delivered by Plaintiff to West Linn, and that West Linn received a settlement payment from Plaintiff or Plaintiff's insurance company pursuant to the settlement agreement. Defendants affirmatively allege that (a) in October of 2017, West Linn began winding up its business operations, and at that time reflected amounts owing to Plaintiff on its books and records; and (b) several months before the settlement agreement was executed, the trustee of the creditor trust (which was funded by West Linn's secured creditors for the benefit of West Linn's unsecured creditors) mailed notice of the creditor trust agreement to the parties listed on West Linn's accounts payable list, indicating that West Linn had ceased normal business operations and granted possession and control of its assets—which comprised the secured lenders' collateral—to its secured lenders. Defendants further allege that Plaintiff was represented by counsel in connection with the negotiation of the settlement agreement, and at that time knew that it had issued invoices to West Linn that remained unpaid, but Plaintiff nevertheless (and notwithstanding having received notice that West Linn had ceased operations and assigned its assets to its secured creditors) failed to negotiate for payment of outstanding amounts while in negotiations with West Linn about West Linn's claims against Plaintiff. Defendants further allege that at the time the settlement agreement was executed, West Linn had already executed (x) a Bill of Sale, pursuant to which West Linn transferred to Belgravia all of its property other than real property, and (y) a Deed in Lieu of Foreclosure, pursuant to which West Linn transferred to Belgravia all of its real property, in the case of both (x) and (y), subject to the liens of West Linn's other secured creditor, 6200605 Canada, Inc. ("605 Canada"). Defendants further allege that the transfers described in the prior sentence were made in partial satisfaction of the

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON 97212

debt West Linn owed to Belgravia, which was secured by valid, perfected security interests. Defendants further allege that West Linn transferred the proceeds from the settlement agreement with Plaintiff to Belgravia (subject to the liens of 605 Canada), in accordance with the Bill of Sale. Defendants deny the remaining allegations contained in paragraph 2.

3. In response to the allegations contained in paragraph 3, Defendants admit that the Circuit Court for the County of Clackamas entered an order on various motions for summary judgment on or about July 18, 2022, and affirmatively allege that the Circuit Court for the County of Clackamas thereafter entered a judgment of dismissal, without entering any judgment against West Linn. Defendants deny the remaining allegations contained in paragraph 3.

## FIRST CLAIM FOR RELIEF
## (FRAUDULENT TRANSFER)

4. The allegations contained in paragraph 4 contain legal conclusions, to which no response is required. Defendants otherwise deny the allegations in paragraph 4.

5. In response to the allegations contained in paragraph 5, Defendants admit that the proceeds from the settlement between West Linn and Plaintiff were greater than the amount of outstanding invoices issued by Plaintiff to West Linn, but Defendants otherwise deny the remaining allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. In response to the allegations contained in paragraph 7, Defendants admit that at the time of West Linn's transfer of the settlement proceeds to Belgravia: (a) West Linn had no assets, as they had all been transferred to Belgravia, subject to the liens of 605 Canada, in partial satisfaction of Belgravia's secured claim; and (b) West Linn had liabilities outstanding, including to Belgravia and 605 Canada. Defendants otherwise deny the remaining allegations contained in paragraph 7.

/ / /

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON  97212

## SECOND CLAIM FOR RELIEF

## (FRAUDULENT TRANSFER)

8. In response to the allegations in paragraph 8, Defendants incorporate their responses to paragraphs 2 through 7, above.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Except as expressly admitted, Defendants deny each and every allegation in Plaintiff's Complaint and the whole thereof.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

12. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

13. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

14. Any property of West Linn was fully encumbered, such that its assignment to Belgravia exempts it from qualifying as an "asset" under the applicable provisions of the Oregon Fraudulent Transfer Act, ORS 95.200, *et seq*.

## FOURTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

16. Plaintiff is estopped from asserting the claims in its Complaint.

## SIXTH AFFIRMATIVE DEFENSE

17. Plaintiff has waived its right to seek recovery from Defendants.

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON  97212

## SEVENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred by the doctrines of res judicata or claim preclusion.

## EIGHTH AFFIRMATIVE DEFENSE

19. Plaintiff has released its claims against Defendants.

20. Defendants reserve the right to assert additional affirmative defenses in the event discovery or investigation disclose the existence of other affirmative defenses.

## COUNTERCLAIM

### (Attorney Fees – ORS 20.105 and Fed. R. Civ. P. 11)

21. On February 24, 2023, after Plaintiff had served the Complaint on Defendants, counsel for Defendants sent counsel for Plaintiff a letter requesting Plaintiff dismiss this action against Defendants (the "FRCP 11 Letter"). The FRCP 11 Letter explained that under Oregon's Fraudulent Transfer Act (ORS 95.200, *et seq.*), the transfer of a fully encumbered property is *per se* not a fraudulent conveyance and that any proceeds from the settlement between West Linn and Plaintiff were exempt from qualifying as an "asset" under ORS 95.200, *et seq.* (and thus could not be recovered as a fraudulent transfer). The FRCP 11 Letter provided Plaintiff with a chronological factual timeline and attached exhibits reflecting the debts owed by West Linn to Belgravia and 605 Canada, the security agreements collateralizing those debts and proof that the debts were perfected, among other relevant documents, all supporting Plaintiff's request that the action be dismissed. The FRCP 11 Letter also directed Plaintiff's attention to a sworn declaration in the United States Bankruptcy Court for the District of Oregon attesting to the validity and accuracy of those documents under penalty of perjury. The FRCP 11 Letter also directed Plaintiff's attention to the fact that several months before Plaintiff executed the settlement agreement with West Linn, Plaintiff had received notice that West Linn would cease normal business operations and grant possession and control of all its assets to Belgravia.

22. At the time Plaintiff filed this action, or at the very latest as of the date Defendants provided Plaintiff with the FRCP 11 Letter, Plaintiff lacked an objectively

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON 97212

reasonable basis to pursue this action against Defendants and Plaintiff's claims against Defendants were not supported by existing law or any other justification under Fed. R. Civ. P. 11.

23. Plaintiff has not responded to the FRCP 11 Letter and has refused to dismiss this action, despite more than four weeks having passed since the FRCP 11 Letter was sent.

24. Defendants are entitled to recover their reasonable attorney fees and costs from Plaintiff pursuant to ORS 20.105 or Fed. R. Civ. P. 11.

**DEMAND FOR JURY TRIAL**

25. Defendants hereby demand a jury trial.

WHEREFORE, having answered Plaintiff's Complaint and having asserted affirmative defenses and a counterclaim, Defendants pray that the Court enter judgment in their favor as follows:

1. Dismissing all of Plaintiff's Claims against Defendants with prejudice,
2. Awarding Defendants their reasonable attorney fees and costs in this matter in the amount to be determined by the Court; and
3. For such other and further relief as this Court deems just and equitable.

DATED this 3rd day of April, 2023.

WILDWOOD LAW GROUP LLC

By   /s/ *Nicholas A. Kampars*
    Nicholas A. Kampars, OSB No. 063870
    nick.kampars@wildwoodlaw.com
    3519 NE 15th Avenue, #362
    Portland, Oregon 97212
    Telephone: (503) 564-3049
    Fax: (971) 347-1425

*Of Attorneys for Defendants West Linn Paper Company and Belgravia Pulp Holdings, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I served I served a true copy of the foregoing **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** on:

>Robert B. Coleman
>Law Office of Robert B. Coleman
>3519 NE 15th Avenue, Suite 367
>Portland, Oregon 97212
>
>rob@colemanconstrucitonlaw.com
>
>Attorney for Plaintiff

☐ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorney's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☒ by emailing a copy thereof to said attorney at the last-known email address as set forth above.

☒ by transmitting full, true and correct copies thereof to the attorneys through the Court's ECF system on the date set forth below.

Dated this 3rd day of April, 2023.

WILDWOOD LAW GROUP LLC

By: s/ Nicholas A. Kampars
    Nicholas A. Kampars, OSB #063870